## Appeal of CLARENCE C. SMITH.

Docket No. 3767. Decided July 29, 1926.

The fair market value of shares of stock, received by the taxpayer as compensation for personal services, determined.

*Thomas O. Marlar, Esq.*, and *Harry J. Gerrity, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, and LOVE.

This appeal is from the determination by the Commissioner of a deficiency for the year 1916 in the amount of $712.08, consisting of a proposed additional tax in the amount of $474.72 and a penalty in the amount of $237.36 added to the tax for failure on the part of the taxpayer to file an income-tax return for the year 1916.

### FINDINGS OF FACT.

The taxpayer is an individual residing at Toledo, Ohio.

The Toledo Steel Casting Co. is a corporation organized in the year 1904 under the laws of the State of Ohio. On July 30, 1912, the outstanding capital stock of the corporation consisted of 850 shares of preferred stock of the par value of $100 each, of which 844 shares

were held by S. D. Carr and Curtis T. Johnson. At that time the corporation had a book deficit or impairment of capital in the amount of about $33,000, due to operating losses in prior years.

On July 30, 1912, The Toledo Steel Casting Co. and S. D. Carr and Curtis T. Johnson entered into a contract with the taxpayer and John B. Nordholt, by which the taxpayer and Nordholt agreed to assume the management of the company for a joint compensation of $5,000 per annum, the transfer to them by Carr and Johnson of $42,000 par value of the company's stock when the net value of the company's assets should have increased by $50,000, and the issuance to them by the company of $15,000 par value additional stock, when the " stock and materials on hand, plus good and collectible credits, accounts, notes and bills receivable, shall equal the unsecured indebtedness of " the company. The contract stipulated that the net value of the company's assets at that time was $80,523.67.

In November, 1916, Carr and Johnson transferred to the taxpayer and John B. Nordholt as compensation due under the contract of July 30, 1912, capital stock of The Toledo Steel Casting Co. of the par value of $42,500, which was divided between them in equal amounts.

The assets and liabilities of The Toledo Steel Casting Co. on December 31, 1912, 1913, 1914, 1915 and 1916, respectively, as shown by its books, were as follows—

| | 1912 | 1913 | 1914 | 1915 | 1916 |
|---|---|---|---|---|---|
| Assets | $233, 196. 68 | $230, 234. 56 | $239, 053. 00 | $264, 969. 14 | $304, 670. 32 |
| Liabilities other than capital stock | 181, 595. 73 | 178, 027. 04 | 171, 498. 21 | 180, 805. 67 | 182, 850. 72 |
| Capital stock | 85, 000. 00 | 85, 000. 00 | 85, 000. 00 | 85, 000. 00 | 85, 000. 00 |
| Surplus or deficits | 33, 399. 05 | 32, 792. 48 | 17, 445. 21 | 836. 33 | 36, 819. 60 |

The capital stock of The Toledo Steel Casting Co. is and has at all times been closely held. There were no sales of the stock between July 30, 1912, and the end of the year 1916, it having been held in trust during that period to guarantee performance of the stockholders' liability under the contract of July 30, 1912. A few small lots of the stock were sold during the years 1919, 1920 and 1921.

The fair market or reasonable value of the capital stock of The Toledo Steel Casting Co. in November, 1916, was at least $100 per share.

The taxpayer did not file an income-tax return for the year 1916 and a return was made for him by the Commissioner some time subsequent to the enactment of the Revenue Act of 1918. The Commissioner determined that the capital stock of The Toledo Steel Casting

Co., received by the taxpayer in the year 1916, had a value of $21,250 at the time of its receipt by the taxpayer, and he included that amount in the taxpayer's income for that year, and determined that there is a deficiency in tax for the year 1916 in the amount of $474.72, to which he added 50 per cent of the amount of the tax as a penalty for failure to file an income-tax return within the time prescribed by law.

OPINION.

MARQUETTE: The facts in this appeal are identical with the facts in the *Appeal of John B. Nordholt*, decided this day, *ante*, 509, and for the reasons set forth in the opinion in that appeal, the penalty involved herein should be reduced to 25 per cent of the tax.   In all other respects the determination of the Commissioner is approved.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*